UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CASTALIA SPRINGS LIMITED,

    Plaintiff,

- against -

ATLAPRIDE COMPANY LTD.

    Defendant.
------------------------------------------------------------X

07 CV 10474

07 CV _____

ECF CASE

## VERIFIED COMPLAINT

The Plaintiff, CASTALIA SPRINGS LIMITED ("Plaintiff" or "Castalia"), by its attorneys, Tisdale Law Offices, as and for its Verified Complaint against ATLAPRIDE COMPANY LTD. ("Defendant" or "Atlapride") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333. *See Brave Bulk Transport, Ltd. v. Spot On Shipping, Ltd, et al.*, 07 CV 04546 (CM), *attached hereto as Exhibit 1*, (freight Agreements "are sufficiently part of the business of maritime commerce to confer admiralty jurisdiction").

2. At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of foreign law with its principal place of business in the British Virgin Islands.

3. Upon information and belief, at all material times, the Defendant was and still is an entity duly organized and existing by virtue of foreign law with its principal place of business in Cyprus.

4. Pursuant to the terms and conditions of a Forward Freight Swap Agreement ("FFA") dated April 17, 2007, the Defendant agreed to sell freight futures to the Plaintiff. *See April 17, 2007 Freight Forward Spot Agreement attached hereto as Exhibit 2.*

5. The FFA terms provided Contract Routes pursuant to six Timecharters: "(Route 1a (Continent / Far East, 12.5%), Route 1b (Bsea / Far East, 12.5%), Route 2 (Transpacific Round Voyage, 25%), Route 3 (Far East / Continent, 25%), Route 4a (US Gulf Cont., 12.5%) and Route 4b (Cont. / US Gulf, 12.5%) of the Baltic Supermax Index."

6. The FFA terms provided a Contract Rate of USD $32,000.00 per day.

7. The FFA terms provided a Contract Quantity for 92 days, with the Contract Months from October 1 to December 31, 2007.

8. The Settlement Date of the FFA was defined pursuant to the last Baltic Exchange Index publication day of each contract month, with Settlement Rates as defined for the particular Contract Routes published by the Baltic Exchange. The Settlement Dates are for the last day of three contract months: October, November and December of 2007.

9. As defined by the Baltic Exchange, FFAs are a "means of hedging exposure to freight market risk through the trading of specified time charter and voyage rates for forward positions. Settlement is against a relevant route assessment published by the Baltic Exchange." The Baltic Exchange is "a membership organization at the heart of the global maritime marketplace" that provides "independent daily shipping market information." *See The Baltic Exchange,* http://www.balticexchange.com.

10. Ocean freight is the charge assessed for the carriage of cargo by a vessel and is one of the most fundamental components of maritime commerce. Freight is considered so integral to the maritime industry that it has been said that "freight earnings are a part of the vessel as much as the ship's tackle." *Rush v. Delaware & Chesapeake S.S. Co.,* 10 Supp. 497, 501 (E.D. Pa. 1935).

2

11. The FFA entered into between Castalia and Atlapride is a maritime contract for the swap of the future value of ocean freight. This contract specifies the type of vessel to be used, the routes upon which said vessels would travel and the duration of the agreement.

12. During the term of the FAA, the Plaintiff submitted an invoice to the Defendant for the contract month of October, which the Defendant failed to pay.

13. Thereafter, the Plaintiff served the Defendant with a Default Notice which was also not paid and has since expired. Thereafter, the Plaintiff served an Early Termination Notice which was also not paid, entitling the Plaintiff to calculate its losses under the FFA for the entire contract term.

14. Despite due demand for payment, Defendant has failed to remit payment to Plaintiff in breach of the FFA.

15. As a result of Defendant's breach of the FFA contract, the Plaintiff has suffered a loss in the total principal sum of **$3,370,825.64**, as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys' fees. *See Notice of Early Termination dated November 16, 2007, attached hereto as Exhibit 3.*

16. Pursuant to clause 16 of the FFA, all disputes arising thereunder are to be subject to the exclusive jurisdiction of the High Court of Justice in London, England with English law to apply.

17. Plaintiff is currently preparing to commence litigation against the Defendant in the English High Court on its claims as described hereinabove.

18. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in English High Court proceedings conducted pursuant to English Law. As best as can now be

3

estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $3,370,825.64 |
| B. | Estimated interest on principal claims, 6.5% for three years: | $720,082.34 |
| C. | Attorneys' fees and recoverable costs: | $350,000.00 |

Total:   **$4,440,907.98**

100. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, the Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A. which are believed to be due and owing to the Defendant.

101. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue

an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A. which are due and owing to the Defendants, in the amount of **$4,440,907.98** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint;

C. That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: November 20, 2007  
New York, NY

The Plaintiff,  
CASTALIA SPRINGS LIMITED

By: *(signature)*  
Claurisse Campanale-Orozco (CC 3581)  
Thomas L. Tisdale (TT 5263)  
TISDALE LAW OFFICES  
11 West 42nd Street, Suite 900  
New York, NY 10036  
(212) 354-0025 (Phone)  
(212) 869-0067 (Fax)  
corozco@tisdale-law.com  
ttisdale@tisdale-law.com

## ATTORNEY VERIFICATION

State of Connecticut )
                     )   ss: Southport
County of Fairfield  )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its solicitors, all of which I believe to be true and accurate.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: November 20, 2007
       Southport, CT

_____
Claurisse Campanale-Orozco